**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW YORK *ex rel.* CAROL BEVILACQUA,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY PRACTICE GROUP OF NEW YORK, LLC, et al.,<br>　　　　Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: <u>August 27, 2018</u><br><br><br>14 Civ. 9933 (KPF) |
| UNITED STATES OF AMERICA<br>　　　　Plaintiff-Intervenor,<br><br>　　v.<br><br>CITY PRACTICE GROUP USA, LLC<br>　　　　Defendants. | 14 Civ. 9933 (KPF) |

**STIPULATION AND ORDER OF PARTIAL SETTLEMENT AND RELEASE**
**BETWEEN THE UNITED STATES AND RELATOR**

WHEREAS, this Stipulation and Order of Partial Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, and relator Carol Bevilacqua ("Relator" and, together with the United States, the "Parties"), through her counsel;

WHEREAS, on or about December 17, 2014, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, inter alia, that defendants: submitted claims for services that were not

actually provided; submitted claims for after-hour health care services that were actually provided during posted business hours; submitted non-reimbursable claims for unwarranted facility fees; submitted claims for injury-related health care services that had previously been billed to and paid by patients' Workmen's Compensation carriers; failed to comply with conditions of payment under the Medicaid and Medicare programs, such as improperly recording a patient's history prior to assigning a level of evaluation; submitted claims for health care services by physicians who did not actually render the care to the patient; and failed to make reasonable efforts to collect co-payments and deductibles and waiving such charges prior to billing the patient (the "Relator Action");

WHEREAS, on or about May 2, 2018, the United States filed a complaint-in-intervention (the "Government Complaint"), alleging that defendant City Practice Group USA , LLC ("Defendant") submitted or caused to be submitted to the Medicare program false claims for: (a) professional medical services using the name and National Provider Identification numbers of physicians who did not render or supervise the services in question, when the services were rendered by other physicians in the practice who were not credentialed at the time the services were rendered; and (b) lengthier and/or more complex Evaluation and Management services and procedures for patients than it actually performed or were supported by the medical record documentation (the "Covered Conduct");

WHEREAS, on or about May 2, 2018, the United States, Defendant, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant agreed to pay the United States $6,606,251.40 (the "Settlement Amount") to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), she is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim");

WHEREAS, the Parties agree that, based on facts now known to the Government, Relator is entitled to a Relator Share Claim of at least fifteen percent (15%), but have not reached agreement regarding the total amount of the Relator Share Claim;

NOW, THEREFORE, the Parties agree as follows:

1. The United States will pay Relator, c/o Liles Parker PLLC, as attorneys for Relator ("Relator's Counsel"), fifteen percent (15%) of the payment of the Settlement Amount received from Defendant ($990,937.71) (the "15% Share") in accordance with written instructions provided by Relator's Counsel within a reasonable time after execution of this agreement.

2. In agreeing to accept payment of the 15% Share, and upon payment thereof, the Relator, for herself and her heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States, and its agencies, officers, employees, servants, and agents, from any claims pursuant to 31 U.S.C. § 3730 for the 15% Share, and from any and all claims against the United States, and its agencies, officers, employees, servants, and agents, arising from or relating to the filing of the Relator's Action or the filing of the Government Complaint. However, Relator does not waive her right to seek a larger share of the Settlement Amount pursuant to 31 U.S.C. § 3730(d)(l).

3. The Government may recover any portion of the 15% Share from Relator should it learn of additional facts that would warrant such a reduction pursuant to 31 U.S.C. § 3730(d)(3).

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns and heirs.

6. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

7. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

8. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
August 24, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Plaintiff United States of America

By: _____
MONICA P. FOLCH
JACOB M. BERGMAN
Assistant United States Attorneys
86 Chambers Street
New York, NY 10007
Telephone: (212) 637-6559/2776
Email: monica.folch@usdoj.gov
         jacob.bergman@usdoj.gov


Dated: New York, New York
23 August, 2018

[signature: Carol Bevilacqua]
Carol Bevilacqua, Relator

Dated: New York, New York
8/24, 2018

By: [signature]

MCINNIS LAW
Attorneys for Relator

Timothy J. McInnis, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4573
Email: tmcinnis@McInnis-Law.com

Dated: New York, New York
Aug. 23, 2018

By: [signature: David P. Parker]

LILES PARKER PLLC
Attorneys for Relator

David P. Parker
2121 Wisconsin Avenue N.W., Suite 200
Washington, D.C. 20007
Telephone: (202) 298-8750
Email: dparker@lilesparker.com

SO ORDERED:

August 27, 2018

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE